**Harry E. JACOBS, Plaintiff,**

v.

**Margaret M. HECKLER, in her capacity as Secretary of the United States Department of Health & Human Services, Defendant.**

**Civ. No. 83–0472 P.**

United States District Court,
D. Maine.

Oct. 4, 1984.

Henry J. Meyer, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This is an action under 42 U.S.C. § 405(g), for review of the final decision of the Secretary of Health & Human Services, which denied Plaintiff's application for disability insurance benefits. Plaintiff is a 46-year-old man who alleges that he became disabled on May 28, 1982, as a result of arthritis and a knee impairment. Plaintiff's application was denied administrative-

ly and, after hearing, by an Administrative Law Judge (ALJ). The ALJ found that Plaintiff had a severe impairment, but found that he was able to do his past relevant work as an industrial arts teacher and, therefore, denied the claim. The Appeals Council declined to review the ALJ's decision. The case is before this Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Order Affirming the Decision of the Secretary.

In reviewing the denial of disability benefits, the standard of this Court's review is whether the determination made by the ALJ is supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health & Human Services*, 654 F.2d 127, 128 (1st Cir.1981). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Court thoroughly reviewed the entire record, including the transcript of the hearing below, the exhibits, and the briefs submitted by counsel. After careful consideration, the Court finds that the ALJ's decision is not supported by substantial evidence.

The medical evidence establishes that Plaintiff has a long history of knee impairment with numerous surgical procedures to both knees. Plaintiff was first injured in approximately 1971. He did not work for nine years. In 1980, he began work as a high school industrial arts teacher. He resigned from that position in May of 1982 due to pain and the effects of pain medication. Plaintiff also worked part-time as a clerk at a variety store from June 1981 to May 1982.

At the hearing, Plaintiff testified that he suffers pains in both his knees, the left hip, his neck, and his back. He testified that his pain gradually increased and that ultimately he was unable to perform his work as an industrial arts teacher. He also testified that he felt that his prescribed pain medication was interfering with his concentration and memory and, thus, his ability to teach.

The ALJ found Plaintiff's testimony as to the existence of his pain to be "entirely credible." However, he found that the pain was not so severe as to prevent him from working as an industrial arts teacher. This latter finding is supported by substantial evidence. Plaintiff's treating physician, Dr. Melissa A. Weekley, felt that Plaintiff's musculoskeletal problems "per se are not totally disabling and should allow employment." Dr. John W. Barrett, an orthopedic surgeon who was consulted by the ALJ, concluded that Plaintiff's physiological impairments would not prevent him from frequently lifting objects in the range of 20 to 25 pounds, nor from sitting, handling, reaching, pulling or pushing. These findings were corroborated by Dr. John Greene, an orthopedic surgeon who examined Plaintiff upon the request of the Maine Department of Human Services Disability Determination Services. In short, the following observation by Dr. Barrett is amply supported by the record:

All examiners have agreed that physically he is capable of performing his job and that the biggest problem which prevents his working is his inability to cope. From an orthopedic standpoint, then, there is nothing to particularly interfere with his gainful employment.

The more difficult question in this case is whether Plaintiff's "psycophysiologic" reaction to his physical problems is disabling. The ALJ found that it was not. The ALJ noted that Plaintiff had worked for a year and one half despite his pain and that he was able to perform basic housework chores such as washing dishes, vacuuming, and dust-mopping. The ALJ found that there was no evidence that his job performance had been less than satisfactory or that medical exacerbation of his conditions occurred at the time that Plaintiff stopped working. Thus, the ALJ found that Plaintiff's psychological exaggeration of his pain was not disabling. This finding is not supported by substantial evidence.

Most of the medical evidence in the record deals exclusively with Plaintiff's physiological problems. As noted above, this evidence amply supports the ALJ's finding with respect to Plaintiff's physiological capabilities. This evidence has little bearing, however, upon Plaintiff's alleged psycophysiological impairment. Plaintiff was administered psychological testing by Dr. Robert L. Gallon, Ph.D., on September 23, 1982. Dr. Gallon found "a very high level of psychological contribution to his overall pain disability." Dr. Gallon observed:

His pain tolerance, which is tested by a tourniquet on his upper arm, revealed an extremely low tolerance to pain at only 4:23. During this test he seemed to be strongly over-preoccupied and to over estimate the pain. A pain drawing test further shows an extreme elaboration of his pain complaint.

. . . . .

It appears quite certain that Mr. Jacobs is strongly caught up and reinforced in the disability role and his condition is strongly influenced by a great number of psychosomatic components. . . . It seems clear that he has over the past twelve years developed a painful coping style which is compatible to his personality. He seems very dependent both on pain medications and on the support of the people.

Dr. Gallon concluded that Plaintiff's psychological and physical problems rendered him unable to maintain employment.

The results of the psychological testing were corroborated by Plaintiff's treating physician, Dr. Weekley:

[W]hile Mr. Jacobs is physically able to perform a variety of potentially gainful occupations, I feel he is totally disabled at the present time due to his psychic intolerance of the chronic pain syndrome. This is compounded by psychic and physical side effects of chronic high dose medication. The irritability and limited attention span observed in my last two visits would certainly make him unfit for a teaching position at the present time.

Dr. Barrett, the medical advisor to the ALJ, diagnosed Plaintiff as suffering from "psychophysiologic reaction, severe, manifested by multiple somatic complaints, severe chronic pain syndrome, migraine headaches, colitis, narcotic addiction, and dependence on outside support." It is important to note that Dr. Barrett's conclusion that Plaintiff was able to work was made strictly from "an orthopedic standpoint." *See supra.* Plaintiff's testimony supports the diagnosis of severe psychophysiologic pain reaction. Thus, evidence regarding the disabling effect of this impairment stands uncontradicted. The fact that Plaintiff was able to work for a year and a half has little bearing upon the current disabling effect of his psychophysiologic impairment. In light of the uncontradicted evidence of Plaintiff's psychophysiological pain reaction and the ALJ's finding that Plaintiff's testimony is credible, the ALJ's determination that Plaintiff can perform his past relevant work is not supported by substantial evidence. *See Davis v. Califano,* 599 F.2d 1324 (5th Cir.1979).

Missing from the record in this case is any evidence regarding the prospects for treatment of Plaintiff's psychophysiologic impairment or that such treatment has ever been attempted. The case will be remanded to the Secretary for the taking of further evidence and specific findings on these matters. In light of these findings, the Secretary must determine whether Plaintiff can perform his past relevant work. If not, she must determine whether the impairment prevents him from doing any other work as required by 20 C.F.R. § 404.-1520(f).

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment be, and is hereby, GRANTED, and the Secretary's Motion for Order Affirming the Decision of the Secretary is DENIED. The case is REMANDED to the Secretary for

further proceedings in accordance with this Order.

So ORDERED.